J. STEPHEN STREET          1573-0
REGINAULD T. HARRIS        7516-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Ph:   (808) 521-0400
FAX: (808) 521-0597
e-mail: jsstreet@rmhawaii.com
        rharris@rmhawaii.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> SOLTUR, INC., a Hawaii corporation; GIGI FIORENTINO, individually; LUIS ZANOTTA, individually, <br><br> Defendants. | CIVIL NO.  CV04-00725 JMS/LEK <br> (Copyright Infringement) <br><br> PLAINTIFF PACIFIC STOCK, INC.'S SUBMISSION OF PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW; CERTIFICATE OF SERVICE <br><br> <u>Final Pre-Trial Conference</u>: <br> Date: February 9, 2006 <br> Time: 9:30 a.m. <br> Judge: Hon. J. Michael Seabright <br><br> <u>Trial</u>: <br> Date:  February 14, 2006 <br> Time:  9:00 a.m. <br> Judge: Hon. J. Michael Seabright |

PLAINTIFF PACIFIC STOCK, INC.'S SUBMISSION OF PROPOSED
FINDINGS OF FACT AND CONCLUSIONS OF LAW

Plaintiff PACIFIC STOCK, INC. ("Plaintiff"), by and through its

attorneys, Rush Moore LLP A Limited Liability Law Partnership, submits its Proposed Findings of Fact and Conclusions of Law, pursuant to the Rule 16 Scheduling Order dated April 14, 2005. ____

DATED: Honolulu, Hawaii, January 31, 2006.

*/s/Reginauld T. Harris*

_____

J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
PACIFIC STOCK, INC

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., </br></br>　　　　　　Plaintiff, </br></br>　　vs. </br></br>SOLTUR, INC., a Hawaii corporation; GIGI FIORENTINO, individually; LUIS ZANOTTA, individually, </br></br>　　　　　　Defendants. | CIVIL NO.  CV04-00725 JMS/LEK </br>(Copyright Infringement) </br></br> FINDINGS OF FACT AND </br>CONCLUSIONS OF LAW |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

On December 10, 2004, Plaintiff PACIFIC STOCK, INC. ("Plaintiff") filed a Complaint against Defendants Soultar, Inc., Gigi Fiorentino (Soultar's vice president), and Luis Zanotta (Soultar's president), alleging that Soultar infringed its copyright in certain photographs. Plaintiff filed a Motion for Summary Judgment on June 30, 2005. In response, the Court issued an Order Granting in Part and Denying on Part Plaintiff's Motion for Summary Judgment

("the Order") on November 7, 2005. In the Order, the Court identified the issue of whether Defendants Fiorentino and Zanotta received a direct financial benefit as a result of Soultar's copyright infringement as the sole issue remaining as to vicarious liability.

## FINDINGS OF FACT

1. On December 10, 2004, Plaintiff PACIFIC STOCK, INC. ("Plaintiff") filed a Complaint against Defendants Soultar, Inc., Gigi Fiorentino (Soultar's vice president), and Luis Zanotta (Soultar's president) alleging copyright infringement.

2. Defendant Gigi Fiorentino is vice president of Defendant Soultar, Inc.

3. Defendant Luis Zanotta is president of Defendant Soultar, Inc.

4. Plaintiff filed a Motion for Summary Judgment on June 30, 2005.

5. On November 7, 2005, the Court issued an Order Granting Plaintiff's Motion for Summary Judgment in Part (as to Defendant Soultar) and Denying it in Part (as to Defendant Fiorentino and Defendant Zanotta).

6. The Court's Order on November 7, 2005 (hereinafter "the Order") found that there were no issues of material fact as to whether Fiorentino and Zanotta had the right and the ability to control Soltur's

infringing conduct.

7. The Court found that there was a genuine issue of material fact as to whether Defendant Fiorentino and Defendant Zanotta received a direct financial benefit from the copyright infringement of Defendant Soultar .

8. The Court stated that Plaintiff through discovery may be able to obtain proof of Defendant Fiorentino and Defendant Zanotta receiving direct financial benefit from Defendant Soultur's copyright infringement.

9. On December 15, 2005, Plaintiff served Defendant Soultar, Defendant Fiorentino, and Defendant Zanotta with Requests for Answers to Interrogatories and Requests for Production of Documents (referred to collectively as "Plaintiff's discovery requests") through their attorney Sidney Quintal, Esq. via US Mail to Mr. Quintal's last known address.

10. Plaintiff's discovery requests sought information regarding income and financial compensation that Defendants Fiorentino and Zanotta received from Defendant Soultar between the dates January 1, 1997 and the date of the discovery requests (December 15, 2005).

11. More than thirty-days have elapsed since the date Plaintiff served its

discovery requests upon Defendants attorney on December 15, 2005, and Plaintiff has not granted Defendants any extensions of time to respond to its discovery request. As a result, Defendants time to respond to Plaintiff's discovery requests is past due.

12. Defendants, through their attorney Mr. Quintal, have failed and refused to respond to discovery requests or even to meet and confer with respect to the discovery as to the individual Defendants' interest in and remuneration from Defendant Soltur.

13. The failure of Defendant Fiorentino and Defendant Zanotta and their attorney to respond to Plaintiff's discovery requests is willful and without reasonable justification.

14. Plaintiff seeks a finding pursuant to Rule 37 FRCP that the documents that Defendants failed to produce and the responses to interrogatories which Defendants failed to provide would demonstrate that Fiorentino and Zanotta derived direct financial benefit from the infringing conduct, sufficient to be held vicariously liable for the infringing acts.

15. Plaintiff's discovery requests seek information that would demonstrate whether Defendant Fiorentino and Defendant Zanotta derived direct financial benefit from the infringing conduct of

Defendant Soultar in this action.

16. A finding that Defendant Fiorentino and Defendant Zanotta derived direct financial benefit from Defendant Soultar copyright infringement is sufficient for Defendant Fiorentino and Defendant Zanotta to be held vicariously liable for the infringing conduct of Defendant Soultar.

17. Under the circumstances surrounding the failure of Defendant Fiorentino and Defendant Zanotta to respond to Plaintiff's discovery requests, an order establishing that Defendant Fiorentino and Defendant Zanotta received a direct financial benefit from Defendant Soultar's copyright infringement is a fair and just discovery sanction pursuant to Rule 37(b)(2).

18. The Court finds that Defendant Fiorentino and Defendant Zanotta received a direct financial benefit from Defendant Soultar's conduct engaging in copyright infringement.

19. In conjunction with the Court's Order dated November 7, 2005, the Court's finding that Defendant Fiorentino and Defendant Zanotta received a direct financial benefit from Defendant Soultar's conduct engaging in copyright infringement resolves all outstanding issues of fact in this action.

## CONCLUSIONS OF LAW

1. As result of receiving a direct financial benefit from Defendant Soultar's conduct engaging in copyright infringement, Defendant Fiorentino and Defendant Zanotta are vicariously liable for Defendant Soultar's conduct engaging copyright infringement, as said conduct was discussed by the Court in the Order dated November 7, 2005.

2. Defendant Fiorentino and Defendant Zanotta are jointly and severally liable with Defendant Soultar for statutory damages, attorney's fees and costs pursuant 17 U.S.C. Sec. 101, et. seq. to the same and full extent that Defendant Soultar was found to be liable for the same in the Court's Order dated November 7, 2005.

3. Defendant Fiorentino and Defendant Zanotta are permanently enjoined and restrained from using Plaintiff's photographs to the same and full extent that Defendant Soultar was enjoined and restrained from using Plaintiff's photographs by the Court's Order dated November 7, 2005.

DECISION AND ORDER

For the reasons stated herein, the Court orders that final judgment be entered in favor of Plaintiff against Defendant Soltur, Inc, Defendant Gigi Fiorentino, and Defendant Luis Zanotta jointly and severally for statutory damages in the amount of $136,500.00, and reasonable attorney's fees and costs as may be determined by Magistrate Judge Leslie Kobayashi upon application of Plaintiff for a determination of reasonable attorney's fees and costs.

In addition, the Court orders Defendant Soltur, Defendant Fiorentino, and Defendant Zanotta be permanently enjoined and restrained from the following:

> Using the images registered by Pacific Stock with the United States Copyright Office as VA 712-707, VA 933-314, VA 984-030, VA 1-249-922, VA 1-250-792, VA 1-249-935, VA 1-249-915, and VA 1-249-916 ("images"); and manufacturing, creating, distributing, introducing, into commerce, marketing, selling, soliciting, posting, or promoting any item bearing the images owned by Pacific Stock.

The Court also orders Defendant Soltur, Defendant Fiorentino, and Defendant Zanotta to do the following:

> Destroy any and all goods, advertising materials, circulars, newsletters, signs, and promotional items bearing the images; delete any and all of its files, electronic or otherwise, containing the images; deliver to

      Pacific Stock any and all color separations used by Soltur and/or Defendant Fiorentino and/or Defendant Zanotta in copying the images; and provide the Court and Pacific Stock with a sworn affidavit listing the goods, advertising materials, circulars, newsletters, signs, promotional items, and files that were destroyed or deleted pursuant to this order and confirming that each item was in fact destroyed or deleted. The Court orders Defendant Fiorentino and Defendant Zanotta submit the affidavit within 30 days of this order.

IT IS SO ORDERED

    DATED: Honolulu, Hawaii,_____.

                                                                 _____
                                                                  Michael Seabright
                                                                  United States District Court Judge

---

Pacific Stock, Inc., v. Soltur, Inc., Gigi Fiorentino, Luis Zanotta,; CV-04-00725 JMS/LEK; Proposed Findings of Fact and Conclusion of Law

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., ) | CIVIL NO.  CV04-00725 JMS/LEK |
| ) | (Copyright Infringement) |
| Plaintiff, ) | |
| ) | CERTIFICATE OF SERVICE |
| vs. ) | |
| ) | |
| SOLTUR, INC., a Hawaii ) | |
| corporation; GIGI FIORENTINO, ) | |
| individually; LUIS ZANOTTA, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was duly served upon the following by U.S. Mail, postage prepaid, addressed to him at his last known address, on January 31, 2006:

SIDNEY MICHAEL QUINTAL, ESQ.
1188 Bishop Street, #3402
Honolulu, Hawaii 96813

Attorney for Defendants SOLTUR, INC.,
GIGI FIORENTINO, and LUIS ZANOTTA


DATED: Honolulu, Hawaii, January 31, 2006.


/s/Reginauld T. Harris
_____
J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
PACIFIC STOCK, INC.