ORIGINAL

J. STEPHEN STREET          1573-0
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Ph:   (808) 521-0400
FAX: (808) 521-0597
e-mail: jsstreet@rmhawaii.com

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 31 2006

at __ o'clock and __ min. __M
SUE BEITIA, CLERK

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., | CIVIL NO.  CV04-00725 JMS/LEK |
|   | (Copyright Infringement) |
| Plaintiff, |   |
|   | PLAINTIFF PACIFIC STOCK, INC.'S |
| vs. | TRIAL BRIEF; CERTIFICATE OF |
|   | SERVICE |
| SOLTUR, INC., a Hawaii |   |
| corporation; GIGI FIORENTINO, | Final Pre-Trial Conference: |
| individually; LUIS ZANOTTA, | Date: February 9, 2006 |
| individually, | Time: 9:30 a.m. |
|   | Judge: Hon. J. Michael Seabright |
| Defendants. |   |
|   | Trial: |
|   | Date:   February 14, 2006 |
|   | Time: 9:00 a.m. |
|   | Judge: Hon. J. Michael Seabright |

PLAINTIFF PACIFIC STOCK, INC.'S TRIAL BRIEF

Plaintiff PACIFIC STOCK, INC. ("Plaintiff"), by and through its

ORIGINAL

attorneys, Rush Moore LLP A Limited Liability Law Partnership, submits its Trial Brief pursuant to the Rule 16 Scheduling Order entered herein on April 14, 2005.

This is an action for preliminary and permanent injunctive relief and damages arising from Defendants Soltur's, Zanotta's and Fiorentino's (collectively "Defendants") copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101-803.

UNDISPUTED FACTS

The all of the substantive issues in this action except one were resolved in Plaintiff's favor in this Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgement, filed herein on November 7, 2005. The Court's Order sets forth the undisputed facts upon which the Court relied in granting the relief sought by Plaintiff against Defendant, Soltur, Inc. The only remaining issue to be tried in this action pertains to the vicarious liability of Defendants Fiorentino and Zanotta.

This Court has held that there are no issues of material fact as to whether Fiorentino and Zanotta had the right and the ability to control Soltur's infringing conduct. The only issue remaining as to their vicarious liability is proof as to whether they derived direct financial benefit from the infringing conduct. Defendants have failed and refused to respond to discovery requests or even to

meet and confer with respect to the discovery as to the individual Defendants' interest in and remuneration from Defendant Soltur. Plaintiff seeks a finding pursuant to Rule 37 FRCP that the documents that Defendants failed to produce and the responses to interrogatories which Defendants failed to provide would demonstrate that Fiorentino and Zanotta derived direct financial benefit from the infringing conduct, sufficient to be held vicariously liable for the infringement.

Plaintiff seeks a judgment of joint and several liability as to the relief granted by this Court against Defendant Soltur, Inc. as to the individual Defendants, as well as sanctions and/or other injunctive relief as to Defendant Soltur for its failure to comply with the terms of this Court's Order of November 7, 2005, granting injunctive relief.

POINTS OF LAW

The only remaining issues for trial is as to the legal sufficiency of Plaintiff's proof of the direct financial benefit to Defendants Fiorentino and Zanotta from the infringing conduct. Ellison v. Robertson, 357 F.3d 1072, 1078 (9th Cir. 2004). Defendants have failed to comply with discovery requests. Rule 37(b)(2)(A) Fed. R. Civ. P. provides that the Court may issue as a sanction for a party's failure to obey an order or provide discovery in a pending action "an order that the matters regarding which the order was made or any other designated facts

shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

In <u>Navellier v. Sletten</u>, the court affirmed the trial court's issuance such an order as a sanction for discovery abuse pursuant to Rule 37(b)(2)(A) when it instructed the jury that the appellant, who was a trustee of a mutual fund, had breached his duty to procure liability insurance for the fund in an action where plaintiff sought to hold defendant trustee personally liable. <u>Navellier v. Sletten</u>, 262 F.3d 923, 947 (9th Cir. 2001). The court in <u>Navellier</u> found that the conduct of appellant's trial counsel conduct warranted a discovery abuse sanction against the appellant where the appellant's trial counsel willfully refused to answer questions at his deposition concerning the circumstances under which insurance was procured for the mutual fund-- even after the special master ordered him to answer the questions. <u>Id</u> at 947-948.

In it review of the trial court's discovery sanction, the <u>Navellier</u> court, held that the court has the authority to impose pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct. <u>Id.</u> citing <u>Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee</u> 456 U.S. 694, 707, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982).

Similar to the facts in <u>Navellier,</u> the issue of whether Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soultar, Inc. is reasonably related to the discovery that has been frustrated by Defendants' conduct. In fact, the conduct of Defendants Fiorentino and Zanotta and their counsel, Mr. Quintal, in failing to respond to Plaintiff's discovery request and in failing to abide by the Court's order impedes Plaintiff's ability to prove its case on the sole remaining issue in this action. As a result, an order establishing the fact that Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soultar, Inc. is an appropriate discovery sanction.

Additionally, Plaintiff seeks appropriate sanctions or further injunctive relief for Defendant Soltur's failure to comply with this Court's Order of November 7, 2005, granting injunctive relief. <u>Pacific and Southern Co. V. Duncan,</u> 744 F. 2d 1490 (11th Cir. 1984); <u>Fermata Intern. Melodies, Inc. v. Champions Golf Club Inc.,</u> 712 F. Supp. 1257, 1262 (S.D. Tex. 1989), *aff'd*, 915 F.2d 1567 (5th Cir. 1990).

DATED: Honolulu, Hawaii, January 31, 2006.

_____
J. STEPHEN STREET
Attorney for Plaintiff
PACIFIC STOCK, INC.