RUSH MOORE LLP
A Limited Liability Partnership

J. STEPHEN STREET          1573-0
REGINAULD T. HARRIS      7516-0
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Ph:    (808) 521-0400
FAX: (808) 521-0597
e-mail: jsstreet@rmhawaii.com
          rharris@rmhawaii.com


Attorney for Plaintiff PACIFIC STOCK, INC.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO.  CV04-00725 JMS/LEK |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF PACIFIC STOCK, |
| vs. | ) | INC.'S MOTION FOR SANCTIONS |
| | ) | AGAINST DEFENDANTS SOLTUR, |
| SOLTUR, INC., a Hawaii | ) | INC.; GIGI FIORENTINO, |
| corporation; GIGI FIORENTINO, | ) | Individually; AND LUIS ZANOTTA, |
| individually; LUIS ZANOTTA, | ) | Individually FOR FAILURE TO |
| individually, | ) | RESPOND TO DISCOVERY; |
| | ) | MEMORANDUM IN SUPPORT OF |
| Defendants. | ) | MOTION; DECLARATION OF J. |
| | ) | STEPHEN STREET (Containing |
| | ) | Certificate of Compliance with Rule |
| | ) | 37 Fed. R. Civ. P. and LR 37.1 at ¶15); |
| | ) | EXHIBITS "A"– "G"; ORDER TO |
| | ) | SHOW CAUSE; ORDER |
| | ) | GRANTING PLAINTIFF'S MOTION |
| | ) | FOR SANCTIONS AGAINST |

|     |     |
| --- | --- |
| ) | DEFENDANTS SOLTUR, INC.; |
| ) | GIGI FIORENTINO, Individually; |
| ) | AND LUIS ZANOTTA, Individually |
| ) | FOR FAILURE TO RESPOND TO |
| ) | DISCOVERY; CERTIFICATE OF |
| ) | SERVICE |
| ) | |
| ) | |
| ) | Final Pre-Trial Conference: |
| ) | Date: February 9, 2006 |
| ) | Time: 9:30 a.m. |
| ) | Judge: Hon. J. Michael Seabright |
| ) | |
| ) | TRIAL: |
| ) | Date:    February 14, 2006 |
| ) | Time:    9:00 a.m. |
| ) | Judge:   J. Michael Seabright |
| ) | |

**PLAINTIFF PACIFIC STOCK, INC.'S MOTION FOR SANCTIONS
AGAINST DEFENDANTS SOLTUR, INC.;
GIGI FIORENTINO, Individually; AND LUIS ZANOTTA, Individually
FOR FAILURE TO RESPOND TO DISCOVERY**

Pursuant to Rule 37 of the Federal Rules of Civil Procedure (Fed. R.

Civ. P.), Plaintiff PACIFIC STOCK, INC. ("Plaintiff"), moves for sanctions

against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta,

Individually for Failure to Respond to Plaintiff's Discovery Requests.

Specifically, Plaintiff seeks an order from the Court establishing that

individual Defendants Gigi Fiorentino and Luis Zanotta received direct financial

benefit from the copyright infringement conducted by Defendant Soltur, Inc. as a sanction imposed pursuant to Rule 37(b)(2)(A) Fed. R. Civ. P. because of Defendants' failure to respond to Plaintiff's discovery requests seeking information regarding the vicarious liability of individual Defendants Gigi Fiorentino and Luis Zanotta. Plaintiff also asks that it be awarded its attorney's fees and costs incurred in bringing this motion for sanctions pursuant to Rule 37(a)(4) Fed. R. Civ. P.

Plaintiff's counsel certifies that he has made a good faith effort to meet and confer with Defendants' counsel pursuant to Rule 37(a)(2) Fed. R. Civ. P. and Local Rule 37.1. However, Defendants' counsel's phone has been disconnected or is no longer in service, and he has not responded to correspondence. See, Declaration of J. Stephen Street at ¶ 15.

This Motion is based upon Rule 37 Fed. R. Civ. P., Local Rule 37.1, the pleadings, the record to date and the memorandum in support, the Declaration and exhibits attached hereto and made a part hereof, and such further matters as may be brought forth following an order by the Court directing Defendants to show cause as to why Plaintiff should not be granted the relief it seeks in this motion for sanctions for discovery abuses.

DATED: Honolulu, Hawaii, February 2, 2006.


*/s/ Reginauld T. Harris*
_____

J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
PACIFIC STOCK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO.  CV04-00725 JMS/LEK |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) | MOTION |
| | ) | |
| SOLTUR, INC., a Hawaii | ) | |
| corporation; GIGI FIORENTINO, | ) | |
| individually; LUIS ZANOTTA, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

## I.   BACKGROUND

### A.   Factual Background

This is an action brought against Soltur, Inc., Gigi Fiorentino, Individually, and Luis Zanotta, Individually, for copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101-803.  The great majority of the substantive issues in this action were resolved in Plaintiff's favor in this Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgement, filed herein on November 7, 2005.  The Court's Order sets

forth the undisputed facts upon which the Court relied in granting the relief sought by Plaintiff against Defendant Soltur, Inc.

The only remaining issues to be tried in this action pertain to the vicarious liability of Defendants Fiorentino and Zanotta. This Court has held that there are no issues of material fact as to whether Fiorentino and Zanotta had the right and the ability to control Soltur's infringing conduct. The only issue remaining as to their vicarious liability is proof as to whether they derived direct financial benefit from the infringing conduct. Discovery is outstanding as to the individual Defendants' interest in and remuneration from Defendant Soltur.

On December 15, 2005, Plaintiff served Defendant Fiorentino, Defendant Zanotta, and Defendant Soltur with First Requests for Answers to Interrogatories and First Requests for Production of Documents and Things. See, attached **Exhibits A, B, C, D, E, and F**, respectively. Plaintiff filed Certificates of Service with the Court on December 23, 2005 for these discovery requests that Plaintiff's counsel served upon Defendants' counsel Sidney Quintal on December 15, 2005.

Plaintiff's discovery requests that followed the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment sought discovery of information regarding whether Defendant Fiorentino and

Defendant Zanotta received direct financial benefit from Defendant Soltur's copyright infringement. In particular, the discovery requests directed to Defendants Fiorentino and Zanotta sought answers and documents pertaining to their incomes, their employment with Defendant Soltur, as well as any business, salary, or other compensation received from either Defendant Soltur or Defendant Soltur's brochures and internet website for the period of time corresponding to Defendant Soltur's copyright infringement. See, Exhibits A, B, C, and D. Likewise, the discovery requests directed to Defendant Soltur sought answers and documents pertaining to the identity of persons who received business, salary, or other compensation from Defendant Soltur or its internet website and brochures from the period of time corresponding to Defendant Soltur's copyright infringement. See, Exhibits E and F.

Plaintiff's efforts to contact Defendants' attorney, Sidney Quintal, regarding responses to these outstanding discovery requests have been unsuccessful. The telephone number (521-8394) that Mr. Quintal has provided to Plaintiff's counsel and the Court during status conference is no longer in service. Also, Mr. Quintal no longer works from the business address he provided on his pleading to the Court. In addition, when Plaintiff's attorney's office staff contacted the Hawaii State Bar for an updated business address and telephone

number for Mr. Quintal, the Hawaii State Bar advised that it did not have an updated telephone number and address for Mr. Quintal.  <u>See</u>, Declaration of J. Stephen Street at ¶ 12.

On January 27, 2006, counsel for Plaintiff wrote to Mr. Quintal advising him that Plaintiff would seek sanctions against his clients for their failure to comply with Plaintiff's discovery requests and the Court's November 7, 2005 Order granting injunctive relief unless he responded by January 30, 2006.  <u>See</u>, **Exhibit G**.  Mr. Quintal has not responded to the letter from Plaintiff's counsel, or any of Plaintiff's discovery requests seeking information regarding the direct financial benefit that Defendant Fiorentino and Defendant Zanotta received from Defendant Soltur's copyright infringement.

In addition, Plaintiff's counsel certifies that he has made a good faith effort to meet and confer with Defendants' counsel to obtain responses to Plaintiff's Discovery requests without Court action pursuant to Rule 37(a)(2) Fed. R. Civ. P. and Local Rule 37.1.  <u>See</u>, Declaration of J. Stephen Street at ¶ 15.

As a result of Mr. Quintal's disregard of Plaintiff's discovery requests and the Court's Order, Plaintiff requests the Court impose sanctions pursuant to Rule 37(b)(2) by entering an order that establishes that individual Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright

infringement conducted by Defendant Soltur, Inc.  Plaintiff also asks that it be awarded its attorney's fees and costs incurred in bringing this motion for sanctions pursuant to Rule 37(a)(4) Fed. R. Civ. P.

## II.    ARGUMENT

### Authority for Rule 37(b)(2) Sanctions Related to Discovery Abuses

Rule 37(b)(2)(A) Fed. R. Civ. P. provides that the Court may issue as a sanction for a party's failure to obey an order or provide discovery in a pending action "an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

In Navellier v. Sletten, the court affirmed the trial court's issuance such an order as a sanction for discovery abuse pursuant to Rule 37(b)(2)(A) when it instructed the jury that the appellant, who was a trustee of a mutual fund, had breached his duty to procure liability insurance for the fund in an action where the appellee sought to hold the appellant trustee personally liable.  Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001).  The court in Navellier found that the conduct of appellant's trial counsel conduct warranted a discovery abuse sanction against the appellant where the appellant's trial counsel willfully refused to answer questions at his deposition concerning the circumstances under which

insurance was procured for the mutual fund-- even after the special master ordered him to answer the questions. Id at 947-948.

In its review of the trial court's discovery sanction, the Navellier court, held that the court has the authority to impose pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct. Id. citing Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982).

Similar to the facts in Navellier, the issue of whether Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soltur, Inc. is reasonably related to the discovery that has been frustrated by Defendants' conduct.  In fact, the conduct of Defendants Fiorentino and Zanotta and their counsel, Mr. Quintal, in failing to respond to Plaintiff's discovery requests and in failing to abide by the Court's order impedes Plaintiff's ability to prove its case on the sole remaining issue in this action.  As a result, an order establishing the fact that Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soltur, Inc. is an appropriate discovery sanction.

## III.    <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully asks that the Court issue an Order to Show Cause to Defendants as to why Plaintiff's Motion for Sanctions against Defendants Soltur, Inc.; Gigi Fiorentino, Individually, and Luis Zanotta, Individually for Failure to Respond to Discovery should not be granted in its entirety.

DATED: Honolulu, Hawaii, February 2, 2006.


*/s/ Reginauld T. Harris*

_____
J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
PACIFIC STOCK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO.  CV04-00725 JMS/LEK |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | DECLARATION OF J. STEPHEN |
| vs. | ) | STREET |
| | ) | |
| SOLTUR, INC., a Hawaii | ) | |
| corporation; GIGI FIORENTINO, | ) | |
| individually; LUIS ZANOTTA, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## **DECLARATION OF J. STEPHEN STREET**

I, J. Stephen Street, do hereby declare and state under penalty of

perjury as follows:

1.    I am an attorney licensed to practice law in the State of Hawaii.

2.    I am an attorney with the law firm of Rush Moore LLP

A Limited Liability Law Partnership, and am counsel for Plaintiff PACIFIC

STOCK, INC. ("Plaintiff") in this matter.

3.    I have personal knowledge of and am competent to testify to the

matters contained in this Declaration in support of Plaintiff's Motion for Sanctions

Mtn for Sanctions-R37.wpd

Against Defendants SOLTUR, INC., GIGI FIORENTINO, Individually; and LUIS ZANOTTA, Individually ("Motion for Sanctions").

   4. On December 15, 2005, my office served upon the law office of Sidney Quintal, Esq., attorney for Defendants SOLTUR, INC., GIGI FIORENTINO, Individually; and LUIS ZANOTTA, Individually, Plaintiff's First Requests for Answers to Interrogatories and Requests for Production of Documents and Things to the Defendants in the above-entitled action.

   5. Attached as Exhibit A is a true and correct copy of Plaintiff's First Request for Answers to Interrogatories addressed to Defendant Gigi Fiorentino, dated December 15, 2005, in the above-entitled action.

   6. Attached as Exhibit B is a true and correct copy of Plaintiff's First Request for Production of Documents and Things addressed to Defendant Gigi Fiorentino, dated December 15, 2005, in the above-entitled action.

   7. Attached as Exhibit C is a true and correct copy of Plaintiff's First Request for Answers to Interrogatories addressed to Defendant Luis Zanotta, dated December 15, 2005, in the above-entitled action.

   8. Attached as Exhibit D is a true and correct copy of Plaintiff's First Request for Production of Documents and Things addressed to Defendant Luis Zanotta, dated December 15, 2005, in the above-entitled action.

9.    Attached as Exhibit E is a true and correct copy of Plaintiff's First Request for Answers to Interrogatories addressed to Defendant Soltur, Inc., dated December 15, 2005, in the above-entitled action.

10.    Attached as Exhibit F is a true and correct copy of Plaintiff's First Request for Production of Documents and Things addressed to Defendant Soltur, Inc., dated December 15, 2005, in the above-entitled action.

11.    On January 17, 2006, responses to Plaintiff's discovery requests that were served on Defendants' counsel on December 15, 2005 were due. As of the date of this declaration, Defendants' counsel, Mr. Quintal had not made any response to Plaintiff's discovery requests or made any requests for an extension of time to respond to Plaintiff's discovery requests.

12.    The Declarant has attempted to contact Mr. Quintal by telephone at his listed telephone number of 521-8394, and upon calling has received a message that the line has been disconnected or is no longer in service. The Declarant's office staff has also contacted the Hawaii State Bar to inquire if the state bar had an updated telephone number and business address for Mr. Quintal. The Declarant's office staff informed him that the Hawaii State Bar did not have an updated telephone number or business address for Mr. Quintal.

13.    On January 27, 2006, the Declarant mailed a letter to Mr.

Quintal's business address advising him that Plaintiff would seek sanctions against his clients for their failure to comply with Plaintiff's discovery requests and the Court's November 7, 2005 Order granting injunctive relief unless he responded by January 30, 2006.  Mr. Quintal has not responded to Declarant's letter.

14.     Attached as Exhibit G is a true and correct copy of the letter dated January 27, 2006 that Declarant mailed to Mr. Quintal advising him that Plaintiff would seek sanctions against his clients for their failure to comply with Plaintiff's discovery requests and the Court's November 7, 2005 Order granting injunctive relief unless he responded by January 30, 2006.

15.     For purposes of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and in support of Plaintiff's Motion for Sanctions, Declarant certifies to the Court that before filing this instant motion that he has made efforts in good faith to confer with Mr. Quintal in order to obtain responses to Plaintiff's discovery requests without court action.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Honolulu, Hawaii, February 2, 2006.


J. STEPHEN STREET

Mtn for Sanctions-R37.wpd

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO.  CV04-00725 JMS/LEK |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | ORDER TO SHOW CAUSE |
| vs. | ) | |
| | ) | |
| SOLTUR, INC., a Hawaii | ) | |
| corporation; GIGI FIORENTINO, | ) | |
| individually; LUIS ZANOTTA, | ) | |
| individually, | ) | |
| | ) | |
| Defendants. | ) | |
| ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾ | ) | |

## ORDER TO SHOW CAUSE

The Court having received and reviewed Plaintiff PACIFIC STOCK,

INC.'S ("Plaintiff"), Motion for Sanctions Against Defendants Soltur, Inc.; Gigi

Fiorentino, Individually; and Luis Zanotta, Individually for Failure to Respond to

Plaintiff's Discovery Requests, filed pursuant to Rule 37 of the Federal Rules of

Civil Procedure; and

IT IS HEREBY ORDERED that

Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis

Zanotta, Individually are to show cause why the Court should not grant Plaintiff's

Motion for Sanctions and issue sanctions against them pursuant to Rule 37 of the

Federal Rules of Civil for their failure to respond to Plaintiff's discovery requests

served upon them on December 15, 2005;

And IT IS FURTHER ORDERED that:

On the _____ day of _____, 2006 at ___:____ __.m.,

there shall be a hearing before the Honorable Leslie E. Kobayashi in her courtroom

at the United States Courthouse, 300 Ala Moana Boulevard, Honolulu, Hawaii

96813 at which time Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and

Luis Zanotta, Individually, and their attorney shall show cause as to why the Court

should not grant Plaintiff's Motion for Sanctions and impose sanctions against

them pursuant to Rule 37 of the Federal Rules of Civil Procedure.

DATED: Honolulu, Hawaii, _____.

IT IS SO ORDERED

_____
LESLIE E. KOBAYASHI
United States District Court Magistrate Judge

Pacific Stock, Inc., v. Soltur, Inc., Gigi Fiorentino, Luis Zanotta,; CV-04-00725
JMS/LEK; Order to Show Cause

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO.  CV04-00725 JMS/LEK |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| vs. | ) | MOTION FOR SANCTIONS |
| | ) | AGAINST DEFENDANTS SOLTUR, |
| SOLTUR, INC., a Hawaii | ) | INC.; GIGI FIORENTINO, |
| corporation; GIGI FIORENTINO, | ) | Individually; AND LUIS ZANOTTA, |
| individually; LUIS ZANOTTA, | ) | Individually FOR FAILURE TO |
| individually, | ) | RESPOND TO DISCOVERY |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS
AGAINST DEFENDANTS SOLTUR, INC.;
GIGI FIORENTINO, Individually; AND LUIS ZANOTTA, Individually
FOR FAILURE TO RESPOND TO DISCOVERY**

The Court having received and reviewed Plaintiff PACIFIC STOCK,

INC.'S ("Plaintiff"), Motion for Sanctions Against Defendants Soltur, Inc.; Gigi

Fiorentino, Individually; and Luis Zanotta, Individually for Failure to Respond to

Plaintiff's Discovery Requests, filed pursuant to Rule 37 of the Federal Rules of

Civil Procedure; and

The Court having issued an Order to Show Cause to Defendants

Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually ordering

the Defendants to appear before the Court on the _____ day of _____,

2006 at ___:___ __.m., for a hearing where they may be heard to show cause as

to why the Court should not impose sanctions against them pursuant to Rule 37 of

the Federal Rules of Civil Procedure for their failure to respond to Plaintiff's

discovery requests served upon them on December 15, 2005, as requested by

Plaintiff's Motion for Sanctions; and

The Court having reviewed Plaintiff's discovery requests at issue in

Plaintiff's Motion for Sanctions; and having had the opportunity hear from

Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta,

Individually to show cause why the Court should not impose sanctions against

them for failure to respond to Plaintiff's discovery requests;

The COURT FINDS that:

1.    Plaintiff's discovery requests served upon Defendants on

December 15, 2005 seek information related to discovering proof of the direct

financial benefit, if any, that Defendant Gigi Fiorentino and Defendant Luis

Zanotta received from the copyright infringement of Defendant Soltur, Inc.; and

2.    Following the Court's November 7, 2005 Order Granting in Part

and Denying in Part Plaintiff's Motion for Summary Judgment, the sole issue

remaining to be tried is the vicarious liability of Defendant Gigi Fiorentino and

Defendant Luis Zanotta for the copyright infringement of Defendant Soltur, Inc., particularly concerning what direct financial benefit, if any, that Defendant Gigi Fiorentino and Defendant Luis Zanotta received from the copyright infringement of Soltur, Inc.; and

3.      Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually have failed to respond to Plaintiff's discovery requests, dated December 15, 2005; and

4.      Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually have failed to show cause why the Court should not impose sanctions against them for failure to respond to Plaintiff's discovery requests, dated December 15, 2005; and

5.      The sanctions to be imposed by the Court are appropriate under the circumstances, and lesser sanctions are not sufficient to address Defendants' failure to respond to Plaintiff's discovery requests.

IT IS HEREBY ORDERED that

Plaintiff's  Motion for Sanctions Against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually for Failure to Respond to Plaintiff's Discovery Requests is hereby GRANTED; and

As a sanction for failure to respond to Plaintiff's discovery requests,

the Court orders that it is established as a fact that individual Defendants Gigi

Fiorentino and Luis Zanotta received direct financial benefit from the copyright

infringement of Plaintiff's copyrighted works that was committed by Defendant

Soltur, Inc., as such copyright infringement was determined by the Court's

November 7, 2005Order Granting in Part and Denying in Part Plaintiff's Motion

for Summary Judgment.

And  IT IS FURTHER ORDERED that:

Pursuant to Rule 37(a)(4) that Plaintiff is awarded its reasonable

attorney's fees and costs incurred in bringing its Motion for Sanction for Failure to

Respond to Discovery.  As a sanction for their failure to respond to Plaintiff's

discovery requests, the Court orders that Defendant Soltur, Inc, Defendant Gigi

Fiorentino, and Defendant Luis Zanotta are jointly and severally liable for

Plaintiff's reasonable attorney's fees and costs  incurred in bringing its Motion for

Sanction for Failure to Respond to Discovery, as such reasonable attorney's fees

and costs may be determined by Magistrate Judge Leslie Kobayashi upon

application of Plaintiff for a determination of reasonable attorney's fees and costs

incurred in bringing the said Motion.

DATED: Honolulu, Hawaii, _____.


IT IS SO ORDERED


_____
LESLIE E. KOBAYASHI
United States District Court Magistrate Judge

---

Pacific Stock, Inc., v. Soltur, Inc., Gigi Fiorentino, Luis Zanotta,; CV-04-00725
JMS/LEK; Order Granting Plaintiff's Motion for Sanctions Against Defendants
Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually for
Failure to Respond to Plaintiff's Discovery

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PACIFIC STOCK, INC.,                    )       CIVIL NO.   CV04-00725 JMS/LEK
                                        )       (Copyright Infringement)
                    Plaintiff,          )
                                        )       CERTIFICATE OF SERVICE
          vs.                           )
                                        )
SOLTUR, INC., a Hawaii                  )
corporation; GIGI FIORENTINO,           )
individually; LUIS ZANOTTA,             )
individually,                           )
                                        )
                    Defendants.         )
_____ )

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing

document will be duly served by via US Mail upon the following party, addressed

to him at his last known address, on the date indicated below:


          SIDNEY MICHAEL QUINTAL, ESQ.
          1188 Bishop Street, #3402
          Honolulu, Hawaii 96813

          Attorney for Defendants SOLTUR, INC.,
          GIGI FIORENTINO, and LUIS ZANOTTA

Mtn for Sanctions-R37.wpd

DATED: Honolulu, Hawaii, February 2, 2006.

*/s/ Reginauld T. Harris*

J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
PACIFIC STOCK, INC.