IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., | CIVIL NO.   CV04-00725 JMS/LEK |
| | (Copyright Infringement) |
| Plaintiff, | |
| | MEMORANDUM IN SUPPORT OF |
| vs. | MOTION |
| | |
| SOLTUR, INC., a Hawaii corporation; GIGI FIORENTINO, individually; LUIS ZANOTTA, individually, | |
| | |
| Defendants. | |

**MEMORANDUM IN SUPPORT OF MOTION**

I. **BACKGROUND**

   A. **Factual Background**

   This is an action brought against Soltur, Inc., Gigi Fiorentino, Individually, and Luis Zanotta, Individually, for copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101-803. The great majority of the substantive issues in this action were resolved in Plaintiff's favor in this Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgement, filed herein on November 7, 2005. The Court's Order sets

forth the undisputed facts upon which the Court relied in granting the relief sought by Plaintiff against Defendant Soltur, Inc.

The only remaining issues to be tried in this action pertain to the vicarious liability of Defendants Fiorentino and Zanotta. This Court has held that there are no issues of material fact as to whether Fiorentino and Zanotta had the right and the ability to control Soltur's infringing conduct. The only issue remaining as to their vicarious liability is proof as to whether they derived direct financial benefit from the infringing conduct. Discovery is outstanding as to the individual Defendants' interest in and remuneration from Defendant Soltur.

On December 15, 2005, Plaintiff served Defendant Fiorentino, Defendant Zanotta, and Defendant Soltur with First Requests for Answers to Interrogatories and First Requests for Production of Documents and Things. See, attached **Exhibits A, B, C, D, E, and F**, respectively. Plaintiff filed Certificates of Service with the Court on December 23, 2005 for these discovery requests that Plaintiff's counsel served upon Defendants' counsel Sidney Quintal on December 15, 2005.

Plaintiff's discovery requests that followed the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment sought discovery of information regarding whether Defendant Fiorentino and

Defendant Zanotta received direct financial benefit from Defendant Soltur's copyright infringement. In particular, the discovery requests directed to Defendants Fiorentino and Zanotta sought answers and documents pertaining to their incomes, their employment with Defendant Soltur, as well as any business, salary, or other compensation received from either Defendant Soltur or Defendant Soltur's brochures and internet website for the period of time corresponding to Defendant Soltur's copyright infringement. See, Exhibits A, B, C, and D. Likewise, the discovery requests directed to Defendant Soltur sought answers and documents pertaining to the identity of persons who received business, salary, or other compensation from Defendant Soltur or its internet website and brochures from the period of time corresponding to Defendant Soltur's copyright infringement. See, Exhibits E and F.

Plaintiff's efforts to contact Defendants' attorney, Sidney Quintal, regarding responses to these outstanding discovery requests have been unsuccessful. The telephone number (521-8394) that Mr. Quintal has provided to Plaintiff's counsel and the Court during status conference is no longer in service. Also, Mr. Quintal no longer works from the business address he provided on his pleading to the Court. In addition, when Plaintiff's attorney's office staff contacted the Hawaii State Bar for an updated business address and telephone

number for Mr. Quintal, the Hawaii State Bar advised that it did not have an updated telephone number and address for Mr. Quintal. <u>See</u>, Declaration of J. Stephen Street at ¶ 12.

On January 27, 2006, counsel for Plaintiff wrote to Mr. Quintal advising him that Plaintiff would seek sanctions against his clients for their failure to comply with Plaintiff's discovery requests and the Court's November 7, 2005 Order granting injunctive relief unless he responded by January 30, 2006. <u>See</u>, **Exhibit G**. Mr. Quintal has not responded to the letter from Plaintiff's counsel, or any of Plaintiff's discovery requests seeking information regarding the direct financial benefit that Defendant Fiorentino and Defendant Zanotta received from Defendant Soltur's copyright infringement.

In addition, Plaintiff's counsel certifies that he has made a good faith effort to meet and confer with Defendants' counsel to obtain responses to Plaintiff's Discovery requests without Court action pursuant to Rule 37(a)(2) Fed. R. Civ. P. and Local Rule 37.1. <u>See</u>, Declaration of J. Stephen Street at ¶ 15.

As a result of Mr. Quintal's disregard of Plaintiff's discovery requests and the Court's Order, Plaintiff requests the Court impose sanctions pursuant to Rule 37(b)(2) by entering an order that establishes that individual Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright

infringement conducted by Defendant Soltur, Inc. Plaintiff also asks that it be awarded its attorney's fees and costs incurred in bringing this motion for sanctions pursuant to Rule 37(a)(4) Fed. R. Civ. P.

## II.   ARGUMENT

### Authority for Rule 37(b)(2) Sanctions Related to Discovery Abuses

Rule 37(b)(2)(A) Fed. R. Civ. P. provides that the Court may issue as a sanction for a party's failure to obey an order or provide discovery in a pending action "an order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

In Navellier v. Sletten, the court affirmed the trial court's issuance such an order as a sanction for discovery abuse pursuant to Rule 37(b)(2)(A) when it instructed the jury that the appellant, who was a trustee of a mutual fund, had breached his duty to procure liability insurance for the fund in an action where the appellee sought to hold the appellant trustee personally liable. Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001). The court in Navellier found that the conduct of appellant's trial counsel conduct warranted a discovery abuse sanction against the appellant where the appellant's trial counsel willfully refused to answer questions at his deposition concerning the circumstances under which

insurance was procured for the mutual fund-- even after the special master ordered him to answer the questions. Id at 947-948.

In its review of the trial court's discovery sanction, the Navellier court, held that the court has the authority to impose pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct. Id. citing Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707, 72 L. Ed. 2d 492, 102 S. Ct. 2099 (1982).

Similar to the facts in Navellier, the issue of whether Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soltur, Inc. is reasonably related to the discovery that has been frustrated by Defendants' conduct. In fact, the conduct of Defendants Fiorentino and Zanotta and their counsel, Mr. Quintal, in failing to respond to Plaintiff's discovery requests and in failing to abide by the Court's order impedes Plaintiff's ability to prove its case on the sole remaining issue in this action. As a result, an order establishing the fact that Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soltur, Inc. is an appropriate discovery sanction.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully asks that the Court issue an Order to Show Cause to Defendants as to why Plaintiff's Motion for Sanctions against Defendants Soltur, Inc.; Gigi Fiorentino, Individually, and Luis Zanotta, Individually for Failure to Respond to Discovery should not be granted in its entirety.

DATED: Honolulu, Hawaii, February 2, 2006.

/s/ Reginauld T. Harris
_____
J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
PACIFIC STOCK, INC.