IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., ) | CIVIL NO.  CV04-00725 JMS/LEK |
| ) | (Copyright Infringement) |
| Plaintiff, ) | |
| ) | DECLARATION OF J. STEPHEN |
| vs. ) | STREET |
| ) | |
| SOLTUR, INC., a Hawaii ) | |
| corporation; GIGI FIORENTINO, ) | |
| individually; LUIS ZANOTTA, ) | |
| individually, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| _____ ) | |

### **DECLARATION OF J. STEPHEN STREET**

I, J. Stephen Street, do hereby declare and state under penalty of perjury as follows:

1. I am an attorney licensed to practice law in the State of Hawaii.

2. I am an attorney with the law firm of Rush Moore LLP A Limited Liability Law Partnership, and am counsel for Plaintiff PACIFIC STOCK, INC. ("Plaintiff") in this matter.

3. I have personal knowledge of and am competent to testify to the matters contained in this Declaration in support of Plaintiff's Motion for Sanctions

Against Defendants SOLTUR, INC., GIGI FIORENTINO, Individually; and LUIS ZANOTTA, Individually ("Motion for Sanctions").

    4.    On December 15, 2005, my office served upon the law office of Sidney Quintal, Esq., attorney for Defendants SOLTUR, INC., GIGI FIORENTINO, Individually; and LUIS ZANOTTA, Individually, Plaintiff's First Requests for Answers to Interrogatories and Requests for Production of Documents and Things to the Defendants in the above-entitled action.

    5.    Attached as Exhibit A is a true and correct copy of Plaintiff's First Request for Answers to Interrogatories addressed to Defendant Gigi Fiorentino, dated December 15, 2005, in the above-entitled action.

    6.    Attached as Exhibit B is a true and correct copy of Plaintiff's First Request for Production of Documents and Things addressed to Defendant Gigi Fiorentino, dated December 15, 2005, in the above-entitled action.

    7.    Attached as Exhibit C is a true and correct copy of Plaintiff's First Request for Answers to Interrogatories addressed to Defendant Luis Zanotta, dated December 15, 2005, in the above-entitled action.

    8.    Attached as Exhibit D is a true and correct copy of Plaintiff's First Request for Production of Documents and Things addressed to Defendant Luis Zanotta, dated December 15, 2005, in the above-entitled action.

9. Attached as Exhibit E is a true and correct copy of Plaintiff's First Request for Answers to Interrogatories addressed to Defendant Soltur, Inc., dated December 15, 2005, in the above-entitled action.

10. Attached as Exhibit F is a true and correct copy of Plaintiff's First Request for Production of Documents and Things addressed to Defendant Soltur, Inc., dated December 15, 2005, in the above-entitled action.

11. On January 17, 2006, responses to Plaintiff's discovery requests that were served on Defendants' counsel on December 15, 2005 were due. As of the date of this declaration, Defendants' counsel, Mr. Quintal had not made any response to Plaintiff's discovery requests or made any requests for an extension of time to respond to Plaintiff's discovery requests.

12. The Declarant has attempted to contact Mr. Quintal by telephone at his listed telephone number of 521-8394, and upon calling has received a message that the line has been disconnected or is no longer in service. The Declarant's office staff has also contacted the Hawaii State Bar to inquire if the state bar had an updated telephone number and business address for Mr. Quintal. The Declarant's office staff informed him that the Hawaii State Bar did not have an updated telephone number or business address for Mr. Quintal.

13. On January 27, 2006, the Declarant mailed a letter to Mr.

Quintal's business address advising him that Plaintiff would seek sanctions against his clients for their failure to comply with Plaintiff's discovery requests and the Court's November 7, 2005 Order granting injunctive relief unless he responded by January 30, 2006. Mr. Quintal has not responded to Declarant's letter.

14. Attached as Exhibit G is a true and correct copy of the letter dated January 27, 2006 that Declarant mailed to Mr. Quintal advising him that Plaintiff would seek sanctions against his clients for their failure to comply with Plaintiff's discovery requests and the Court's November 7, 2005 Order granting injunctive relief unless he responded by January 30, 2006.

15. For purposes of Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure and in support of Plaintiff's Motion for Sanctions, Declarant certifies to the Court that before filing this instant motion that he has made efforts in good faith to confer with Mr. Quintal in order to obtain responses to Plaintiff's discovery requests without court action.

I declare under penalty of law that the foregoing is true and correct to the best of my knowledge.

DATED: Honolulu, Hawaii, February 2, 2006.

_____
J. STEPHEN STREET