IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO. CV04-00725 JMS/LEK |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING PLAINTIFF'S |
| vs. | ) | MOTION FOR SANCTIONS |
| | ) | AGAINST DEFENDANTS SOLTUR, |
| SOLTUR, INC., a Hawaii | ) | INC.; GIGI FIORENTINO, |
| corporation; GIGI FIORENTINO, | ) | Individually; AND LUIS ZANOTTA, |
| individually; LUIS ZANOTTA, | ) | Individually FOR FAILURE TO |
| individually, | ) | RESPOND TO DISCOVERY |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER GRANTING PLAINTIFF'S MOTION FOR SANCTIONS
AGAINST DEFENDANTS SOLTUR, INC.;
GIGI FIORENTINO, Individually; AND LUIS ZANOTTA, Individually
FOR FAILURE TO RESPOND TO DISCOVERY**

The Court having received and reviewed Plaintiff PACIFIC STOCK, INC.'S ("Plaintiff"), Motion for Sanctions Against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually for Failure to Respond to Plaintiff's Discovery Requests, filed pursuant to Rule 37 of the Federal Rules of Civil Procedure; and

The Court having issued an Order to Show Cause to Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually ordering

the Defendants to appear before the Court on the _____ day of _____,
2006 at ___:____ __.m., for a hearing where they may be heard to show cause as
to why the Court should not impose sanctions against them pursuant to Rule 37 of
the Federal Rules of Civil Procedure for their failure to respond to Plaintiff's
discovery requests served upon them on December 15, 2005, as requested by
Plaintiff's Motion for Sanctions; and

      The Court having reviewed Plaintiff's discovery requests at issue in Plaintiff's Motion for Sanctions; and having had the opportunity hear from Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually to show cause why the Court should not impose sanctions against them for failure to respond to Plaintiff's discovery requests;

      The COURT FINDS that:

      1.    Plaintiff's discovery requests served upon Defendants on December 15, 2005 seek information related to discovering proof of the direct financial benefit, if any, that Defendant Gigi Fiorentino and Defendant Luis Zanotta for the copyright infringement of Soltur; and

      2.    Following the Court's November 7, 2005 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, the sole issue remaining to be tried is the vicarious liability Defendant Gigi Fiorentino and

Defendant Luis Zanotta for the copyright infringement of Defendant Soltur, Inc., particularly concerning what direct financial benefit, if any, that Defendant Gigi Fiorentino and Defendant Luis Zanotta received from the copyright infringement of Soltur, Inc.; and

    3.    Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually have failed to respond to Plaintiff's discovery requests, dated December 15, 2005; and

    4.    Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually have failed to show cause why the Court should not impose sanctions against them for failure to respond to Plaintiff's discovery requests, dated December 15, 2005; and

    5.    The sanctions to be imposed by the Court are appropriate under the circumstances, and lesser sanctions are not sufficient to address Defendants' failure to respond to Plaintiff's discovery requests.

IT IS HEREBY ORDERED that

    Plaintiff's Motion for Sanctions Against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually for Failure to Respond to Plaintiff's Discovery Requests is hereby GRANTED; and

    As a sanction for failure to respond to Plaintiff's discovery requests,

the Court orders that it is established as a fact that individual Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement of Plaintiff's copyrighted works that was committed by Defendant Soltur, Inc., as such copyright infringement was determined by the Court's November 7, 2005 Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment.

And IT IS FURTHER ORDERED that:

Pursuant to Rule 37(a)(4) that Plaintiff is awarded its reasonable attorney's fees and costs incurred in bringing its Motion for Sanction for Failure to Respond to Discovery. As a sanction for their failure to respond to Plaintiff's discovery requests, the Court orders that Defendant Soltur, Inc, Defendant Gigi Fiorentino, and Defendant Luis Zanotta are jointly and severally liable for Plaintiff's reasonable attorney's fees and costs incurred in bringing its Motion for Sanction for Failure to Respond to Discovery, as such reasonable attorney's fees and costs may be determined by Magistrate Judge Leslie Kobayashi upon application of Plaintiff for a determination of reasonable attorney's fees and costs incurred in bringing the said Motion.

DATED: Honolulu, Hawaii, _____.

IT IS SO ORDERED

_____
LESLIE E. KOBAYASHI
United States District Court Magistrate Judge

---

Pacific Stock, Inc., v. Soltur, Inc., Gigi Fiorentino, Luis Zanotta,; CV-04-00725 JMS/LEK; Order Granting Plaintiff's Motion for Sanctions Against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually for Failure to Respond to Plaintiff's Discovery