

Sidney Michael Quintal 2303
1600 Ala Moana Bldv. #4000
Honolulu, Hawaii 96815
(808) 2918394

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 10 2006

at \_\_ o'clock and \_\_ min. \_\_M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC. | CIVIL NO.CV04-00725 JMS/LEK |
| Plaintiff, | DECLARATION OF COUNSEL SIDNEY MICHAEL QUINTAL IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPELL DISCOVERY, AND OSC DATED FEBRUARY 3, 2006; EXHIBIT"1"; CERTIFICATION OF SERVICE |
| vs. | |
| SOLTUR, INC. ET. AL. | |
| Defendant. | |
| | Date: March 7, 2006<br>Time: 9:30 am<br>Judge: Magistrate Judge Kobayashi |

DECLARATION OF COUNSEL
SIDNEY MICHAEL QUINTAL IN OPPOSITION TO PLAINTIFF'S MOTION TO
COMPELL DISCOVERY, AND OSC DATED FEBRUARY 3, 2006

1. That he is the attorney of record of the Defendants named in this case and makes this Declaration pursuant to LR.07.6 and Fed. R. Civ. P 56(e)
2. This Declaration is based on personal knowledge, Declarant is competent to testify to these declarations, these declarations are admissible in court, and if call, would so testify under penalty of perjury;
3. This Court at a hearing on March 7, 2006 has allowed Defendants to respond and oppose in writing the Plaintiff's Motion regarding discovery;
4. The Court read in to the record from court records relating to the "Amended Pretrial Scheduling Order" Signed by United States District Judge J. Michael Seabright dated Feb. 14, 2006.

1

5. Judge Seabright ordered that Defendants have until March 7, 2006 "to comply with the Discovery served on them on Dec 15, 2006";
6. Plaintiffs Motions are therefore moot and Judge Seabright has ruled on and disposed of those motions;
7. The OSC dated Feb. 3, 2006 relates to the Defendant's failure to pay money to Plaintiff;
8. Declarant notified this Court that Defendant Luis Zanotta is dead, Defendant Soltur is insolvent and Defendant Fiorentino is out of the United States looking for employment. Debtors prison is not a reasonable option and money sanctions against Defendants are not appropriate. Sanction against a parties attorney based on Defendants inability or unwillingness to pay is not Constitutional.
9. Declarant hereby suggests the death of Defendant Luis Zanotta pursuant to FRCP Rule 25(a)(1);
10. Attached hereto and marked as Exhibit "1" are two "e-mails" dated from Feb. 17, 2006 – Feb. 24,2006.
11. Declarant also hereby provides this declaration pursuant to Paragraph III.C3 of the November 7, 2006 and the Feb. 14 2006 Orders by Judge Seabright;
12. Based on information and belief of Declarant from investigation and interviews of living persons associated with defendant Soltur, Inc., Declarant believes that defendant Soltur Inc. has complied with the above mentioned Orders.

DATED: March 9, 2006; Hilo, Hawaii

_____
Sidney Michael Quintal

2