IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO. 04-00725 JMS-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| SOLTUR, INC., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**ORDER REGARDING ORDER TO SHOW CAUSE AND
PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS
SOLTUR, INC.; GIGI FIORENTINO, INDIVIDUALLY; AND LUIS
ZANOTTA, INDIVIDUALLY FOR FAILURE TO RESPOND TO DISCOVERY**

Before the Court is Plaintiff Pacific Stock, Inc.'s ("Plaintiff") Motion for Sanctions Against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually; (collectively "Defendants") for Failure to Respond to Discovery ("Motion"), filed February 6, 2006. On that day, this Court also issued an Order to Show Cause ("OSC") directing Defendants to show cause why they failed to pay Plaintiff's attorneys' fees and costs as provided in this Court's orders of April 13, 2005 and June 13, 2005. These matters came on for hearing on March 7, 2006. Appearing on behalf of Plaintiff was J. Stephen Street, Esq., and appearing on behalf of Defendants was Sidney Quintal, Esq. The Court did not permit Mr. Quintal to present arguments on the Motion because Defendants failed to file a memorandum in opposition. The Court instead allowed Defendants

1

to file an opposition to the Motion and allowed Plaintiff to respond thereto after the hearing.  Mr. Quintal filed a declaration in opposition to the Motion on March 10, 2006 and Plaintiff filed a reply on March 15, 2006.  After careful consideration of the OSC, the Motion, and the documents supporting and opposing the Motion, the Court FINDS that Defendants' failure to comply with this Court's April 13, 2005 and June 13, 2005 orders constitutes contempt of court for the reasons set forth below.  In addition, Plaintiff's Motion is HEREBY GRANTED IN PART and DENIED IN PART for the reasons set forth below.

## BACKGROUND

The instant case arises out of Defendant Soltur, Inc.'s ("Soltur") alleged unauthorized use of thirty photographic works in its print materials and on its website.  Plaintiff is the agent for the photographers who took the photographs in question.  Each of the photographs is registered with the United States Copyright Office.  [Complaint at 3-4.]  On December 10, 2004, Plaintiff filed the Complaint, alleging copyright infringement.  [Id. at 2.]

I.   **Order to Show Cause**

Defendants failed to answer and the Clerk of the Court entered default against Defendants on January 12, 2005.  On February 23, 2005, Defendants filed a motion to set aside the

entry of default.  Plaintiff filed a cross-motion for default judgment on March 16, 2005.  On April 13, 2005, this Court entered an order granting Defendants' motion to set aside the entry of default and denying Plaintiff's motion for default judgment.  This Court, however, ordered Defendants to pay Plaintiff's reasonable attorneys' fees and costs associated with the default.  On June 13, 2005, this Court issued an order awarding Plaintiff attorneys' fees of $4,252.07 and costs of $122.15, for a total award of $4,374.22.  According to Plaintiff, Defendants never paid this amount.  On February 6, 2006, this Court issued the OSC ordering Defendants to show cause why they should not be sanctioned and held in contempt for failing to comply with this Court's orders.  At the hearing on the OSC, Mr. Quintal represented that Soltur was insolvent and that Mr. Zanotta had recently died.

## II.  Request for Discovery Sanctions

On November 7, 2005, the district court issued its Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment ("Summary Judgment Order").  The district court granted Plaintiff's motion for summary judgment as to Soltur but denied the motion as to Mr. Zanotta and Ms. Fiorentino (collectively "Individual Defendants").  [Summary Judgment Order at 1.]  The district court ruled that there was no genuine issue of material fact as to whether Soltur infringed Plaintiff's

copyrights, but found that there was a general issue of material fact regarding the Individual Defendants's liability.  The district court found that the Individual Defendants had the right and ability to control Soltur's infringing conduct.  Thus, their liability turns upon whether they received a direct financial benefit from the infringement.  [Id. at 7-8.]  The district court ruled that Plaintiff had not proven a direct financial benefit, but noted that:

> Pacific Stock may be able to obtain proof of direct financial benefit through discovery.  If Pacific Stock obtains evidence that Fiorentino and Zanotta received a direct financial benefit as a result of Soltur's copyright infringement, Pacific Stock may file another motion and the court will consider whether summary judgment is appropriate against Fiorentino and Zanotta in light of that evidence.

[Id. at 9 n.2.]  This is the only discussion in the Summary Judgment Order about discovery of financial benefit information.  The Summary Judgment Order does not expressly order Defendants to provide any information or documents to Plaintiff.

On December 15, 2005, Plaintiff served Defendants with requests for answers to interrogatories and requests for production of documents and things.  [Mem. in Supp. of Motion at 2; see also Exhs. A-F to Motion.]  These discovery requests sought information regarding whether the Individual Defendants received a direct financial benefit from Soltur's copyright infringement.  [Mem. in Supp. of Motion at 2-3.]  Plaintiff's

counsel attempted to contact Mr. Quintal regarding the discovery requests, but his phone number was no longer in service and he was no longer at his business address.  Plaintiff's counsel also contacted the Hawai`i State Bar Association, but it did not have updated contact information for Mr. Quintal.  [Id. at 3-4.]  On January 27, 2006, Plaintiff's counsel sent Mr. Quintal a letter stating that Plaintiff would seek sanctions unless Defendants responded to the discovery requests by January 30, 2006.  [Id. at 4; Exh. G to Motion.]  Defendants did not respond to the letter or the discovery requests.  [Mem. in Supp. of Motion at 4.]  Plaintiff's counsel also filed a supplemental declaration in support of the Motion.  Plaintiff's counsel states that, after filing the original motion on February 2, 2006,[1] he obtained a new telephone number for Mr. Quintal and left a message for him.  Later that day, Mr. Quintal called him back and they discussed whether Defendants were going to respond to the discovery requests.  Mr. Quintal said that he could not give an answer either way but would talk to his clients.  [Supp. Decl. of J. Stephen Street in Supp. of Motion at ¶¶ 3-6.]

        Plaintiff filed the instant Motion on February 6, 2006, asking this Court to impose discovery sanctions against the Individual Defendants pursuant to Federal Rule of Civil Procedure

---

[1] Plaintiff had to re-file the Motion because the original filing did not comply with the electronic filing procedures.

37(b)(2). Plaintiff asks the Court to enter an order establishing that the Individual Defendants received a direct financial benefit from Soltur's infringement. Pursuant to Rule 37(a)(4), Plaintiff also seeks its attorney's fees and costs incurred in bringing the Motion. [Id. at 4-5.]

Plaintiff argues that a sanction establishing the Individual Defendant's direct financial benefit is appropriate because the sanction is reasonably related to the discovery that Defendants frustrated. [Id. at 5-6 (citing Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001)).] Plaintiff argues that the Individual Defendants have violated the Summary Judgment Order by failing to respond to the discovery requests. Plaintiff further argues that the conduct of the Individual Defendants and their counsel has impeded Plaintiff's efforts to prove its case on the sole remaining issue. [Id. at 6.]

In his declaration in opposition to the Motion, Mr. Quintal pointed out that the district court's Amended Pretrial Scheduling Order, dated February 14, 2006, gave Defendants until March 7, 2006 to comply with all discovery requests served upon them on December 15, 2005. Mr. Quintal therefore argues that the Motion is moot. [Decl. of Counsel Sidney Michael Quintal in Opp. to Motion and OSC dated February 3, 2006 ("Quintal Decl.") at ¶¶ 5-6.] He argued that monetary sanctions were not appropriate against Defendants because: Soltur

is insolvent; Mr. Zanotta died in February while in Uruguay; and Ms. Fiorentino was out of the country and was looking for work. [Quintal Decl. at ¶ 8; Exh. 1 to Quintal Decl.]  Mr. Quintal stated that, based on his investigation, he believed Defendants complied with the district court's order requiring them to respond to the discovery requests.  [Quintal Decl. at ¶ 12.]

Plaintiff filed a reply on March 15, 2006.  Plaintiff argues that the district court's February 14, 2006 scheduling order did not dispose of the Motion and did not render the Motion moot.  Plaintiff also stated that it has not received any responses to its discovery requests.[2]  [Reply at 1-2.]

## DISCUSSION

### I.  Order to Show Cause

On the basis of the parties' submissions and the arguments of counsel, this Court finds that Defendants have failed to comply with this Court's April 13, 2005 order granting Defendants' motion to set aside the entry of default and this

---

[2] In his declaration, Mr. Quintal also represented that Defendants complied with Paragraph III.C3 of the Summary Judgment Order.  [Quintal Decl. at ¶¶ 11-12.]  That provision required Defendants to destroy the materials, files, etc. which either bore the copyrighted images or were used in copying the images. The district court ordered Defendants to provide a sworn affidavit identifying the items destroyed within thirty days of the Summary Judgment Order.  [Summary Judgment Order at 16.] Plaintiff argues that Mr. Quintal's declaration was an insufficient response to the district court's order.  [Reply at 3-4.]  This Court declines to address whether Defendants complied with Paragraph III.C3 because Plaintiff did not raise the issue in its Motion.

Court's June 13, 2005 order awarding Plaintiff attorneys' fees and costs in the amount of $4,374.22. The Court also finds that Defendants have not shown good cause for their failure to comply with this Court's orders. Mr. Quintal did represent that Soltur is insolvent and Mr. Zanotta died during the month of February, but Defendants have not shown why they failed to obey this Court's orders prior to these events.

Courts do not take failure to comply with court orders lightly. Rule 16(f) provides, in pertinent part:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B),(C),(D).

Fed. R. Civ. P. 16(f). Pursuant to Rule 37(b)(2)(D), this Court finds that Defendants' failure to comply with this Court's April 13, 2005 order and June 13, 2005 order should be treated as a contempt of court. This Court is inclined to impose a civil contempt sanction of $1,000.00 against Defendants. If the Court imposes this sanction, the amount will be paid to Plaintiff to compensate Plaintiff for the losses it incurred as a result of Defendants' failure to comply with the Court's April 13, 2005 and June 13, 2005 orders. See <u>Int'l Union, United Mine Workers of Am. v. Bagwell</u>, 512 U.S. 821, 829 (1994) ("A contempt fine . . . is considered civil and remedial if it either coerce[s] the defendant into compliance with the court's order, [or] . . .

compensate[s] the complainant for losses sustained." (citation and internal quotation marks omitted) (some alterations in original)).

Defendants shall have until April 14, 2006 to file a written response to the Court's inclination or to request a hearing. If Defendants submit a written response, Plaintiff shall file any reply by April 21, 2006 and the Court will take the matter under advisement thereafter.

**II.   Request for Discovery Sanctions**

Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), Plaintiff seeks an order establishing that the Individual Defendants received a direct financial benefit from Soltur's copyright infringement. Rule 37(b)(2) provides, in pertinent part:

> If a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) or 31(a) to testify on behalf of a party <u>fails to obey an order to provide or permit discovery</u>, including an order made under subdivision (a) of this rule or Rule 35, or if a party fails to obey an order entered under Rule 26(f), the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
>     (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order[.]

Fed. R. Civ. P. 37(b)(2) (emphasis added). This section allows courts to impose sanctions for failure to comply with the court's

discovery orders.  See Fed. R. Civ. P. 37(b)(2) advisory committee's note (1970 Amendment).  Courts define the term "order" broadly.  See Unigard Sec. Ins. Co. v. Lakewood Eng'g & Mfg. Corp., 982 F.2d 363, 368 (9th Cir. 1992).  For example, it may include an oral order or a minute order.  See Yourish v. Cal. Amplifier, 191 F.3d 983, 987 (9th Cir. 1999).  "But Rule 37(b)(2)'s requirement that there be some form of court order that has been disobeyed has not been read out of existence; Rule 37(b)(2) has never been read to authorize sanctions for more general discovery abuse."  Unigard, 982 F.2d at 368 (citations omitted).

The Summary Judgment Order did not order Defendants to provide discovery to Plaintiff.  Thus, at the time Plaintiff filed the instant Motion, Defendants' failure to respond to Plaintiff's discovery requests was not a violation of a court order.[3]  Plaintiff's Motion is therefore denied as to Plaintiff's

---

[3] The Court acknowledges that the district court's February 14, 2006 scheduling order states, in pertinent part: "All Defendants are ordered to comply with the discovery requests served upon them on December 15, 2005 on or before March 7, 2006."  The district court's scheduling order did not purport to dispose of the instant Motion, nor did it render the Motion moot.
 In its March 15, 2006 reply in support of the Motion, Plaintiff states it has not received responses to its discovery requests.  [Reply at 2.]  It appears that Defendants have now failed to obey the district court's scheduling order.  This Court, however, declines to impose sanctions pursuant to that order because the district court issued the order after Plaintiff filed the instant Motion.  Plaintiff may bring a motion to impose sanctions pursuant to the scheduling order before the district court.

request for sanctions under Rule 37(b)(2).

The Court, however, also construes the Motion as a request to compel discovery pursuant to Rule 37(a). <u>See</u> Fed. R. Civ. P. 37(a) advisory committee's note (1970 Amendment) ("Rule 37(a) provides relief to a party seeking discovery against one who, with or without stated objections, fails to afford the discovery sought."). The discovery sought by Plaintiff is relevant to the Individual Defendants' liability and Defendants have not argued that the discovery is privileged. The Court therefore finds that Plaintiff is entitled to the discovery sought and grants the Motion with regard to Plaintiff's request to compel Defendants to respond to the discovery requests Plaintiff served on December 15, 2005. The Court orders Defendants to respond to the discovery requests by no later than April 10, 2006.

The Court further finds that: Plaintiff made a good faith effort to obtain the discovery without court action; Defendants were not substantially justified in withholding the discovery; and there are no circumstances that would make an award of expenses unjust. <u>See</u> Fed. R. Civ. P. 37(a)(4)(A). The Court therefore orders Defendants to pay the reasonable expenses, including attorneys' fees, that Plaintiff incurred in bringing the instant Motion. Counsel for Plaintiff shall file his declaration and supporting documents for the expense award by no

later than May 1, 2006, and Defendants shall have until May 8, 2006 to file any objections to Plaintiff's expense documentation.

## **CONCLUSION**

On the basis of the foregoing, the Court FINDS that Defendants committed contempt of court by failing to comply with this Court's April 13, 2005 order granting Defendants' motion to set aside the entry of default and this Court's June 13, 2005 order awarding Plaintiff attorneys' fees and costs. The Court hereby informs the parties of its intent to impose civil contempt sanctions against Defendants in the amount of $1,000.00. The parties may respond to this Court's inclination as specified above.

Further, Plaintiff's Motion for Sanctions Against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually; for Failure to Respond to Discovery, filed February 6, 2006, is hereby GRANTED IN PART and DENIED IN PART. The Court DENIES Plaintiff's request for discovery sanctions in the form of an order establishing the Individual Defendants' direct financial benefit from the copyright infringement. The Court GRANTS Plaintiff's request to compel Defendants to respond to the discovery requests Plaintiff served on Defendants on December 15, 2005 and orders Defendants to respond to the requests by April 10, 2006. The Court also orders Defendants to pay the reasonable expenses Plaintiff incurred in bringing the

instant Motion.  The Court will determine the amount of the expense award as stated above.

   IT IS SO ORDERED.

   DATED at Honolulu, Hawai`i, March 31, 2006.



          /s/ Leslie E. Kobayashi
          Leslie E. Kobayashi
          United States Magistrate Judge

**PACIFIC STOCK, INC. V. SOLTUR, INC., ET AL.; CIVIL NO. 04-00725 JMS-LEK; ORDER REGARDING ORDER TO SHOW CAUSE AND PLAINTIFF'S MOTION FOR SANCTIONS AGAINST DEFENDANTS SOLTUR, INC.; GIGI FIORENTINO, INDIVIDUALLY; AND LUIS ZANOTTA, INDIVIDUALLY FOR FAILURE TO RESPOND TO DISCOVERY**