IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC., | CIVIL NO.  CV04-00725 JMS/LEK |
| | (Copyright Infringement) |
| Plaintiff, | |
| | MEMORANDUM IN SUPPORT OF |
| vs. | MOTION |
| | |
| SOLTUR, INC., a Hawaii corporation; GIGI FIORENTINO, individually; LUIS ZANOTTA, individually, | |
| | |
| Defendants. | |

## MEMORANDUM IN SUPPORT OF MOTION

### I.   BACKGROUND

#### A.   Factual Background

This is an action brought against Soltur, Inc., Gigi Fiorentino, Individually, and Luis Zanotta, Individually, for copyright infringements in violation of the United States Copyright Act, 17 U.S.C. §§ 101-803. All of the substantive issues in this action, except the issue as to Defendants Fiorentino's and Zanotta's vicarious liability were resolved in Plaintiff's favor in this Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgement,

filed herein on November 7, 2005. The Court's Order sets forth the undisputed facts upon which the Court relied in granting the relief sought by Plaintiff against Defendant Soltur, Inc.

The only remaining issues to be tried in this action pertain to the vicarious liability of Defendants Fiorentino and Zanotta. This Court has held that there are no issues of material fact as to whether Fiorentino and Zanotta had the right and the ability to control Soltur's infringing conduct. The only issue remaining as to their vicarious liability is proof as to whether they derived direct financial benefit from the infringing conduct. Defendants have twice failed to comply with orders of this Court compelling responses to Plaintiff's discovery requests as to the individual Defendants' interest in and remuneration from Defendant Soltur.

On December 15, 2005, Plaintiff served Defendant Fiorentino, Defendant Zanotta, and Defendant Soltur with First Requests for Answers to Interrogatories and First Requests for Production of Documents and Things. See, attached **Exhibits A, B, C, D, E, and F**, respectively. Plaintiff filed Certificates of Service with the Court on December 23, 2005 for these discovery requests that Plaintiff's counsel served upon Defendants' counsel Sidney Quintal on December 15, 2005.

Plaintiff's discovery requests followed the Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment, and sought discovery of the financial information necessary to demonstrate that Defendant Fiorentino and Defendant Zanotta received direct financial benefit from Defendant Soltur's copyright infringement. In particular, the discovery requests directed to Defendants Fiorentino and Zanotta sought answers and documents pertaining to their incomes from Soltur, including the nature and structure of compensation and ownership interests. If any of the information sought tended to be exculpatory as to either Ms. Fiorentino's or Mr. Zanotta's direct financial interest in Soltur and the infringing activity, we would have expected that information to be produced to avoid delaying the final resolution of this action. If Defendants' purpose was merely to delay enforcement of judgment until they disposed of corporate assets, they may have succeeded unless vicarious liability is established. See, Exhibits A, B, C, and D.

On February 6, 2006, Plaintiff filed its Motion For Sanctions Against Defendants Soltur, Inc.; Gigi Fiorentino, Individually; and Luis Zanotta, Individually For Failure to Respond to Discovery. By Order filed March 31, 2006, Magistrate Judge Kobayashi declined to impose the sanctions requested therein because, at the time the motion was filed (February 6, 2006) there was no order of

the Court compelling the discovery in question. Judge Kobayashi acknowledged that in the District Court's February 14, 2006 Amended Pretrial Scheduling Order (which memorialized the Court's orders at the February 8, 2006 pretrial conference), the Court ordered, in pertinent part, "All Defendants are ordered to comply with the discovery requested served upon them on December 15, 2005, or before March 7, 2006 (Fn. 3 at p. 10).

However, the Magistrate found as follows:

> "      The discovery sought by Plaintiff is relevant to the Individual Defendants' liability and Defendants have not argued that the discovery is privileged. The Court therefore finds that Plaintiff is entitled to the discovery sought and grants the Motion with regard to Plaintiff's request to compel Defendants to respond to the discovery requests Plaintiff served on December 15, 2005. The Court orders Defendants to respond to the discovery requests by no later than April 10, 2006.
>
>       The Court further finds that: Plaintiff made a good faith effort to obtain the discovery without court action; Defendants were not substantially justified in withholding the discovery; and there are no circumstances that would make an award of expenses unjust. See Fed. R. Civ. P. 37(a)(4)(A). The Court therefore orders Defendants to pay the reasonable expenses, including attorneys' fees, that Plaintiff

incurred in bringing the instant Motion."

To date, no discovery responses or documents of any kind were produced by any of the defendants. Defendants continue to ignore the District Court's February 14, 2006 order to comply with discovery requests by March 7, 2006, and the Magistrate's March 31, 2006 Order compelling discovery by April 10, 2006.

As a result of Defendants' disregard of Plaintiff's discovery requests and the Court's Orders, Plaintiff requests the Court impose sanctions pursuant to Rule 37(b)(2) by entering an order that establishes that individual Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soltur, Inc. sufficient to establish vicarious liability for both individual Defendants. Plaintiff also asks that it be awarded its attorney's fees and costs incurred in bringing this motion for sanctions pursuant to Rule 37(a)(4) Fed. R. Civ. P.

## II.   ARGUMENT

### Authority for Rule 37(b)(2) Sanctions Related to Discovery Abuses

Rule 37(b)(2)(A) Fed. R. Civ. P. provides that the Court may issue as a sanction for a party's failure to obey an order or provide discovery in a pending action "an order that the matters regarding which the order was made or any other

designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order."

In Navellier v. Sletten, the court affirmed the trial court's issuance of such an order as a sanction for discovery abuse pursuant to Rule 37(b)(2)(A) when it instructed the jury that the appellant, who was a trustee of a mutual fund, had breached his duty to procure liability insurance for the fund in an action where the appellee sought to hold the appellant trustee personally liable. Navellier v. Sletten, 262 F.3d 923, 947 (9th Cir. 2001). The court in Navellier found that the conduct of appellant's trial counsel warranted a discovery abuse sanction against the appellant where the appellant's trial counsel willfully refused to answer questions at his deposition concerning the circumstances under which insurance was procured for the mutual fund-- even after the special master ordered him to answer the questions. Id at 947-948.

In its review of the trial court's discovery sanction, the Navellier court, held that the court has the authority to impose such sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to obey a discovery order, as long as the established issue bears a reasonable relationship to the subject of discovery that was frustrated by sanctionable conduct. Id. citing Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 707, 72 L. Ed. 2d 492, 102 S.

Ct. 2099 (1982).

Similar to the facts in <u>Navellier,</u> the issue of whether Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soltur, Inc. is reasonably related to the discovery that has been frustrated by Defendants' conduct. The conduct of Defendants Fiorentino and Zanotta and their counsel, Mr. Quintal, in failing to respond to Plaintiff's discovery requests and in failing to abide by two Orders of the Court compelling responses to discovery goes directly to the evidence that would establish vicarious liability. As a result, an order establishing the fact that Defendants Gigi Fiorentino and Luis Zanotta received direct financial benefit from the copyright infringement conducted by Defendant Soltur, Inc. is an appropriate discovery sanction.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Plaintiff respectfully asks that the Court impose sanctions against Defendants pursuant to Rule 37(b)(2) in the form of a finding of fact, for the purposes of the trial of this matter, that Defendants Gigi Fiorentino and Luis Zanotta received sufficient direct financial benefit from the copyright infringement against Defendant Soltur, Inc. to find that Defendants Fiorentino and Zanotta vicariously liable for the infringement (in conjunction with

the Court's previous finding as to their right and ability to control Soltur's infringing activity).

DATED: Honolulu, Hawaii, April 12, 2006.

J. STEPHEN STREET
REGINAULD T. HARRIS
Attorneys for Plaintiff
PACIFIC STOCK, INC.