RUSH MOORE LLP
A Limited Liability Partnership

J. STEPHEN STREET        1573-0
Pacific Guardian Center, Mauka Tower
737 Bishop Street, Suite 2400
Honolulu, Hawaii 96813
Ph:   (808) 521-0400
FAX: (808) 521-0597
e-mail: jsstreet@rmhawaii.com

Attorney for Plaintiff PACIFIC STOCK, INC.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PACIFIC STOCK, INC., | ) | CIVIL NO.  CV04-00725 JMS/LEK |
| | ) | (Copyright Infringement) |
| Plaintiff, | ) | |
| | ) | PLAINTIFF PACIFIC STOCK, |
| vs. | ) | INC.'S FIRST REQUEST FOR |
| | ) | PRODUCTION OF DOCUMENTS |
| SOLTUR, INC., a Hawaii | ) | AND THINGS TO DEFENDANT |
| corporation; GIGI FIORENTINO, | ) | SOLTUR, INC. |
| individually; LUIS ZANOTTA, | ) | |
| individually, | ) | |
| | ) | TRIAL: |
| Defendants. | ) | Date:   February 14, 2006 |
| | ) | Time:   9:00 a.m. |
| | ) | Judge:  Hon. J. Michael Seabright |
| | ) | |

PLAINTIFF PACIFIC STOCK'S FIRST REQUEST FOR PRODUCTION
OF DOCUMENTS AND THINGS TO DEFENDANT SOLTUR, INC.

Soltur 25099\Pldgs\ReqPODSoltur.wpd          EXHIBIT ____F____

TO:         SIDNEY MICHAEL QUINTAL, ESQ.
             1188 Bishop Street, #3402
             Honolulu, Hawaii 96813

             Attorney for Defendants SOLTUR, INC.,
             GIGI FIORENTINO, and LUIS ZANOTTA

      COMES NOW Plaintiff PACIFIC STOCK, INC. ("Plaintiff"), by and through its attorneys, Rush Moore, LLP, A Limited Liability Law Partnership, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests that Defendant SOLTUR, INC. produce and permit the inspection and copying of the documents and other things requested below.

      The production is to be made at the law offices of Rush Moore, LLP, 737 Bishop Street, Mauka Tower #2400, Honolulu, Hawaii 96813, for the purpose of inspecting and copying within thirty (30) days after this request has been served upon you, or at such other time and place as may be mutually agreed upon.

      Please take notice that a written response to this request is to be served upon the undersigned within thirty (30) days after service of this request stating with respect to each item or category that inspection and copying will be permitted or stating specific objections thereto with reasons.

DEFINITIONS AND INSTRUCTIONS

      1.    "You" and "your" shall mean and include Soltur, Inc. or its agents, insurance companies, their agents, employees, its attorneys and anyone else acting on its behalf.

      2.    The term "claim" as used herein shall mean and include any claims or allegations set forth in the Complaint in this action.

3. If any of the parties is a corporation, this request includes wholly-owned or controlled subsidiary corporations, owned or affiliated corporations, and all of their present and former stockholders, officers, directors, and agents, employees or representatives with authority or responsibility. If a partnership or joint venture, all present and former general partners, joint venturers, and limited partnership shall be included.

4. "Persons" means and includes a natural person, firm, association, organization, partnership, business trust, corporation, or public entity.

5. "Writing" means and includes any tangible thing upon which is recorded any form or communication or representation, including but not limited to, letters, words, pictures, sounds or symbols, or any combination thereof, by means of handwriting, typewriting, printing, photostating, photographing, sound, electronic, digital or computer recording, or any other method of recording. This definition includes, but is not limited to, electronic mail, computer files or records (whether or not reduced to hard copy), records, reports, papers, documents, photographs, books, letters, notes, memoranda, statements, tape recordings, phonograph recordings, videotape recordings, and microfilms, whether in your possession or under your control or not, relating to or pertaining in any manner to the subject in connection with which it is used, and includes, but is not limited to, all file copies and all drafts and electronic files and records prepared in connection with such writings, whether used or not.

6. As used herein, the term "document" or "documents" means and includes any and all of the following:

(a) Any and all tangible things or items, whether handwritten, typed, printed, tape recorded, electronically/ magnetically/laser or digitally recorded, video-tape

recorded, visually reproduced, computer-created, recorded or reproduced, stenographically reproduced or reproduced in any other manner;

   (b) Any and all originals and all copies of any and all communications, including electronic mail and any other form of electronic communication;

   (c) Any and all writings or any kind or type whatsoever in whatever form recorded;

   (d) Any and all data compilations from which information can be obtained, translated, if necessary, by the respondent through detection devices into reasonably usable form as defined in Rule 33 of the Federal Rules of Civil Procedure.

   (e) Any and all books and pamphlets;

   (f) Any and all microtapes, microfilm, photographs, movies, records, recordings, tape recordings, and video-tape recordings, stenographically or otherwise reproduced;

   (g) Any and all diaries and appointment books;

   (h) Any and all cables, wires, memoranda, reports, notes, minutes and interoffice communications;

   (i) Any and all letters and correspondence, including but not limited to electronic mail;

   (j) Any and all drawings, blueprints, sketches and charts;

   (k) Any and all contracts or agreements;

   (l) Any and all other legal instruments or official documents;

   (m) Any and all published material of any kind;

   (n) Any and all financial statements, balance sheets, profit and loss

statements, statements of financial condition, income tax returns, worksheets, reports, projections, schedules, ledgers, books, records and journals;

    (o)    Any and all vouchers, expense accounts, receipts, invoices, bills, orders, billings and checks;

    (p)    Any and all files and records;

    (q)    Any and all notes or summaries of conferences, meetings, discussions, interviews, or telephone conversations or messages;

    (r)    Any and all travel reports and vouchers;

    (s)    Any and all drafts or draft copies of any of the above;

    (t)    Any and all amendments or changes to any of the above;

    (u)    Any and all writings, communications, or things which the party upon which this request is served intends or may use at the trial of the subject lawsuit or in any pleading to be filed in this lawsuit;

    (v)    Any and all writings, communications or things which in any way relate or involve this subject lawsuit;

    (w)    To the extent permitted by the Federal Rules of Civil Procedure, documents within the possession, custody or control of your attorneys, consultants, experts, and investigators are also included within the term "documents."

    7.    Each of these definitions and instructions are hereby incorporated in each of the requests to which it pertains.

    8.    The following instructions are to be considered to be applicable to all demands for production of documents and things contained herein:

(a) In producing these documents, you are requested to furnish all documents known or available to you, regardless of whether these documents are possessed directly by you or your agents, employees, representatives, investigators or by your attorneys, or their agents, employees, representatives or investigators.

(b) If any of these documents cannot be produced in full, produce to the extent possible specifying your reasons for your inability to produce the remainder and state whatever information, knowledge or belief you do have concerning the unproduced portion.

(c) If any documents or things were at one time in existence but are no longer in existence, please so state, specify, for each document or thing:

    1. The type of document or thing;

    2. The types of information contained thereon;

    3. The date upon which it ceased to exist;

    4. The circumstances under which it ceased to exist;

    5. The identity of all persons having knowledge of the circumstances under which it ceased to exist and the identity of all persons having knowledge or who acknowledged the contents thereof.

9. If any party upon whom this request is made shall withhold any document on the grounds of privilege or for any other legal reason provided by the governing rules of civil procedure, it is requested that the party upon whom this request is made provide a sufficient description of each and every document withheld including as applicable the identity of the author, the identity of all recipients of the document and its general subject matter, the legal grounds or reasons for your refusal to produce such other pertinent information about the

document withheld to fairly and adequately appraise the requesting party of the nature and grounds for your refusal to produce.

10.     This request is a continuing one; if, after producing documents, you obtain or become aware of any further documents responsive to this request, you are required to produce to Plaintiff such additional documents.

DATED: Honolulu, Hawaii, December 15, 2005.

_____
J. STEPHEN STREET
Attorney for Plaintiff PACIFIC STOCK, INC.

## DOCUMENTS TO BE PRODUCED

  You are requested to produce any and all documents, dated between January 1, 1997 and the present, that identify, evidence, describe, support, record, reference and/or relate in any way to the following that are in your possession and/or control:

1. the employment of any and all employees of Soltur, Inc.

2. the salary or other compensation, whether by commission, perks or other benefits, paid to each employee of Soltur, Inc.

3. any independent contractor retained by Soltur, Inc.

4. the compensation, whether monetary, or by perks or other benefits, paid to each independent contractor of Soltur, Inc.

5. the compensation paid to each and every person or entity who prepared or participated in the preparation of Soltur, Inc.'s website for their work in preparing or participation in the preparation of Soltur, Inc.'s website.

6. the gross income of Soltur, Inc.

7. the business derived through Soltur, Inc.'s brochures.

8. the income derived through Soltur, Inc.'s brochures.

9. the business derived through Soltur, Inc.'s internet website.

10. the income derived through Soltur, Inc.'s internet website.

11. the dividends or other compensation paid to any shareholder of Soltur, Inc.

12. any compensation paid to Defendant GIGI FIORENTINO, including salary, commission, dividends, perks or other benefits.

13. any compensation paid to Defendant LUIS ZANOTTA, including salary, commission, dividends, perks or other benefits.