

ORIGINAL

Sidney Michael Quintal 2303
1600 Ala Moana Bldv. #4000
Honolulu, Hawaii 96815
(808) 2918394

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 17 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC.<br><br>    Plaintiff,<br>vs.<br><br>SOLTUR, INC., a Hawaii corporation;<br>GIGI FIORENTINO, individually;<br>LUIS ZANOTTA, individually,<br><br>    Defendants. | CIVIL NO. CV04-00725 JMS/LEK<br><br>DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS;<br>DECLARATION OF GIGI FIORENTINO;<br>DECLARATION OF COUNSEL SIDNEY MICHAEL QUINTAL;<br>CERTIFICATION OF SERVICE<br><br>Trial Date: April 18, 2006<br>Time: 10:00 am<br>Judge: Hon. J. Michael Seabright |

### DEFENDANTS OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

Comes now Defendants, by their attorney of record, and for opposition to Plaintiff's Motion for Sanctions, state as follows:

1. The Plaintiff's motion must be denied as it is the same motion filed and resolved three times already with this court denying Plaintiff's request for discovery sanctions in the form of an order establishing the individual defendants' direct financial benefit from the copyright infringement. Plaintiff and its counsel J. Stephen Street have caused the insolvency of Defendant Soltur, Inc. and the death of Defendant Luis Zanotta by its bait of a few pretty pictures and switch, and it would be unjust to cause further harm to Defendant Gigi Fiorentino with Plaintiff producing no evidence or proof of "Vicarious liability".

2. Defendant's motion is unreasonable under Rule 37(a) FRCP and untimely, as it does not comply with the rules requiring the minimum time for responses to this type of motion. Plaintiff mailed to Defendant's counsel on

1

April 12, 2006, its Notice of Hearing with a hearing set for April 18, 2006 with an unfilled copy of its Motion. With the mailing time adding 3-days and the April 15-16, 2006 Easter weekend, and a response deadline of the morning of Monday April 17, 2006, Defendants have (no) insufficient time to prepare or adequately respond to Plaintiff's motion that seeks sanctions of $136,500. One of the days this Court required Defendants to use to respond to Plaintiff's untimely motion is Easter Sunday!

3.  The Court's repeated unreasonable scheduling of Plaintiff's untimely motions, the hostility exhibited by the Court to Defendants and their counsel, the rather cold and unreasonable remarks concerning the insolvency of Defendant Soltur, Inc., the death of Defendant Zanotta, caused by Plaintiff and its counsel, the reliance on Plaintiff's disputed claims and statements, the excess award against Defendant Soltur made without a trial, and the current setup for Plaintiff's attempt of "proof by sanction" the day before an one issue trial when Plaintiff does not have any evidence to go forward, could by view as bias and unfairness against one party and for another.

4.  Plaintiff is requesting an order that is not just and this Court should not consider nor order any unjust order that would violate due process and Rule 37(b)(2) FRCP,

5.  The Court's order that Plaintiff claim is the bases for its rather creative although unjust motion is found on page 11 of Magistrate Kobayashi March 31, 2006 Order that states "The Court orders Defendants to respond to the discovery request by no later than April 10, 2006." Considering the tragedies that Defendants are impaired by, the timing allowed is unreasonable and unjust.

6.  Plaintiff has made no true certification <u>regarding this motion</u>, required by Rule 37(a)(2) "the movant has (not) in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action". If such effort was made by movant, Defendant would have notified Plaintiff's counsel that Gigi Fiorentino is willing to respond to the subject discovery concerning "sufficient direct financial

2

benefit from the copyright infringement conducted by Defendant Soltur, Inc. to establish their vicarious liability..." See Defendant's declaration attached.

7.  Plaintiff has not obtained any prerequisite order compelling specific responses to specific discovery request pursuant to Rule 37(b) (1) (Failure to comply with order). Plaintiff cannot yet claim the requested sanction as such a premature sanction does not proceed specific "matters" Ordered... (A) An order that <u>the matters regarding which the order was made or any other designated facts</u> shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;"

8.  Attached is the declaration of Gigi Fiorentino that shows that the Plaintiff's requested sanction is unjust, unreasonable, and unsupported by reality.

DATED: April 16, 2006; Honolulu, Hawaii

Sidney Michael Quintal

3