IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PACIFIC STOCK, INC. | CIVIL NO.CV04-00725 JMS/LEK |
| Plaintiff, | DECLARATION OF GIGI FIORENTINO; |
| vs. | |
| SOLTUR, INC. ET. AL. | Date: |
| | Time: |
| Defendants. | Judge: |

### DECLARATION OF GIGI FIORENTINO

1. That she is one of the Defendants named in this case and makes this Declaration pursuant to LR.07.6 and Fed. R. Civ. P 56(e)
2. This Declaration is based on personal knowledge, Declarant is competent to testify to these declarations, these declarations are admissible in court, and if called, would so testify under penalty of perjury;
3. This Court at a hearing on April 11, 2006 has allowed Plaintiff to again file its' sanction motion and has required Defendants to respond and oppose in writing the Plaintiff's Motion during the Easter weekend.
4. Declarant is aware that Defendant Luis Zanotta is dead, Defendant Soltur, Inc. is insolvent, and Declarant Fiorentino does not worked for Defendant Soltur, Inc., having resigned March 31, 2006.
5. Declarant hereby suggests the death of Defendant Luis Zanotta pursuant to FRCP Rule 25(a)(1);
6. Declarant was not involved with Soltur, Inc' use of the subject photo in its brochure that was not used after 2003 as Declarant was not an employee then. Declarant had no involvement with Soltur, Inc. use of certain photos in its web site as Soltur, Inc. web site was created by non-

4

Soltur employees in South America. The web site in question was not used after 2004.

7. Declarant had at no time "the right and ability to supervise the infringing activity." Declarant had no right nor ability to control Soltur's infringing activity, as such activity was before Declarant' employment period and/or outside Declarant' physical area of contact.

8. Declarant has never been an owner or stockholder of defendant Soltur, Inc. Declarant has been a salary employee with a fixed pay of $4000 per month. Declarant resigned on March 31, 2006.

9. Declarant never enjoyed a direct or indirect financial benefit from Soltur, Inc. infringing activity.

10. Declarant was off island and in fact out side the United States during most of November 2005- April 2006 and had little or no ability to respond to the discovery requests of the Plaintiff. Declarant did not have access to much of the discovery requested material during April 2006 as I resigned effective March 2006, Defendant Luis Zanotta died outside the country and there was no one of authority in the Soltur, Inc office.

11. Declarant is willing to produce any thing I have access to including my tax returns showing I was on a fixed salary, had no control over Soltur, Inc. infringing activity, never had an ownership interest in Soltur, Inc., never stood to benefit from Soltur's potentially increased profits, and never received any financial benefit from Soltur, Inc. use of Plaintiff's photos.

12. Based on information and belief, the use of Plaintiff' photo resulted in the insolvency of Soltur, Inc. and the death of Mr. Luis Zanotta with no apparent benefit to anyone.

DATED: April 16, 2006; Hilo, Hawaii

GIGI FIORENTINO

5